Walter H. THAXTON, II, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–1602.

United States Court of Veterans Appeals.

Nov. 6, 1992.

Walter H. Thaxton, II, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Walter H. Thaxton, II, appeals a December 10, 1990, decision of the Board of Veterans' Appeals (BVA or Board), which determined that additional evidence received since a previous, final decision of the BVA was not "new and material" and did not establish "a new factual basis for allowing service connection for residuals of a head injury."

## BACKGROUND

Appellant served on active duty with the Army from 1966 to 1970. In 1967, appellant fell while mountain climbing during a Boy Scout hiking expedition which his superior assigned him to supervise. As a result, he now claims that he suffers from severe headaches and has a scar on his forehead. In 1976, he filed his first claim for service-connected disability. That claim was denied because service medical records (SMRs) indicated that appellant had a scar on his forehead at induction and did not indicate any additional scars at separation. In 1984, appellant sought to reopen his claim. Newly submitted evidence consisted of statements from three private physicians, which were found cumulative of previously submitted evidence. The Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied this claim based on a lack of "new and material" evidence. Appellant appealed to the BVA, in March 1986, which denied service connection for the same reasons as stated in the 1976 rating decision.

Appellant sought to reopen his claim again in May 1986. Appellant submitted a letter dated January 29, 1986, from the physician who treated him at the time of his fall. This letter mostly corroborated the facts noted on the SMRs; however, the physician did not remember the incident. In a rating decision of June 1986, the VARO denied appellant's claim because the evidence was not "new and material" to establish service connection for a scar.

Thereafter, an informal hearing was conducted on March 16, 1987, during which both appellant and appellant's mother testified that appellant had scarred his forehead during a childhood accident, but that when he returned from service he had a second scar on his forehead, which had not previously existed. Appellant's claim was denied again in a March 1987 VARO rating decision because of a lack of "new and material" evidence. Appellant did not appeal this decision and it became final.

Following the 1987 VARO rating decision, appellant submitted additional personal testimony and letters from acquaintances in the Army. In particular, in September 1989, appellant submitted lay statements from Mr. and Mrs. Josephson, which

assert that immediately following his accident, appellant appeared at their wedding to serve as "best man" wearing a "bandage on his forehead which covered switched [sic] and extended to the hairline...." Mr. Josephson stated that the veteran had two black eyes and a "bad gash over his eye which extended up to his hairline." On December 10, 1990, the Board once again determined appellant had not established a new factual basis to warrant service connection. It is this latest decision that is the subject of the appeal before this Court. This Court, of course, has no jurisdiction to review directly the prior decisions which denied reopening. 38 U.S.C. § 7252(b) (formerly § 4052(b)).

### ANALYSIS

■ Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary of Veterans Affairs when "new and material" evidence is presented with respect to that claim. In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-part analysis when the veteran seeks to reopen a claim based upon new evidence. First, the Board must determine if the additional evidence is "new and material." If so, the Board must review the veteran's claim in light of both the old and the new evidence. *Id.* at 145.

■ "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "Material" evidence is "relevant and probative of the issue at hand." *Id.* However, not every piece of new evidence, even if relevant and probative, justifies reopening a claim. To reopen the claim, there must be a reasonable possibility that the outcome would differ when the new evidence is considered in light of all the evidence. *Id.*

■ In the present case, the Board said it had reviewed appellant's claim in light of both the old and the new evidence. However, it is not clear it did so. Nor is it clear whether the Board reopened appellant's claim and found upon reopening that there

was not sufficient factual basis to support appellant's claim. The Board has erred in either instance. If the BVA did not reopen the claim, it refused, in effect, to recognize the Josephson's statements as "new and material" evidence. On the other hand, if the Board reopened and concluded that there was not sufficient basis to support appellant's claim, it has not given sufficient reasons and bases to reject Mr. and Mrs. Josephson's statements. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

The Court holds Mr. and Mrs. Josephson's statements to be "new and material" evidence submitted since the most recent final adjudication, the 1987 VARO rating decision. The Josephson's statements, if believed, establish a serious, apparently fresh laceration that might well have resulted in a "ratable" scar. This clearly is relevant and probative evidence which, when viewed with all the other evidence, old and new, raises a reasonable possibility of changing the outcome. The Board's statement that "the recent testimony and lay statements are similar to those submitted and considered" is thus erroneous insofar as the Josephson's statements were concerned. *Walter H. Thaxton, II*, BVA 89–45802, at 5 (Dec. 10, 1990). Therefore, this portion of the case must be remanded for a determination of whether there is a scar resulting from the lacerations suffered during appellant's accident. If a scar exists and if the BVA determines that this scar was caused by the fall on the mountain, it must be rated according to the proper regulatory code. *See* 38 C.F.R. § 4.118 (1991).

■ Additionally, the Board denied appellant service connection for headaches because "service medical records do not contain any indication of headaches." *Thaxton*, BVA 89–45802, at 6. Pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)), this Court reviews BVA factual determinations under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 52–53. Appellant has not produced any medical evidence that

his headaches resulted from his hiking accident. Therefore, the Court finds the BVA's findings plausible. The Court notes that appellant's claim for service connection for a psychological condition is being adjudicated by the VARO. If appellant's headaches are a residual of his psychological condition, we trust the VARO will consider them in their adjudication.

The December 10, 1990, decision of the Board finding no "new and material" evidence in support of appellant's claim for service connection for a scar is VACATED and REMANDED for action consistent with this opinion. The Board's denial of service connection for headaches is AFFIRMED.